EIN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARK MERRELL                                                              PLAINTIFF

vs.                                        Civil No. 4:16-cv-04110

NANCY A. BERRYHILL                                                       DEFENDANT
Acting Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Mark Merrell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability application on July 22, 2013.  (Tr. 11, 136-141).  In

this application, Plaintiff alleges he was disabled due to knee problems, heart problems, and anxiety

attacks.  (Tr. 159).  Plaintiff alleges an onset date of November 30, 2012.  (Tr. 11).  This application

was denied initially and again on reconsideration.  (Tr. 51-68).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

request was granted. (Tr. 24-50, 95). An administrative hearing was held on June 18, 2015 in Shreveport, Louisiana. (Tr. 24-50). At the administrative hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Rousey testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI), and testified he had completed the eleventh grade in high school. (Tr. 28-29).

On July 31, 2015, the ALJ entered an unfavorable decision on Plaintiff's disability application. (Tr. 8-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 22, 2013, his application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: "degenerative joint disease in both knees; panic disorder with agoraphobia; generalized anxiety disorder; attention deficit hyperactivity disorder; learning disorder." (Tr. 13, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the individual can occasionally kneel, crouch, crawl and climb stairs, ramps, ladders, and scaffolds; can understand, remember and carry out short, simple instructions; can perform simple, routine and repetitive tasks with no fast-paced high quota production work; can make only simple work-related decisions; can adapt to few if any workplace changes; and can tolerate only occasional interaction with co-workers, supervisors, and the general public.

(Tr. 15-18, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he had no PRW. (Tr. 18, Finding 5). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id.*

Specifically, the VE testified that a hypothetical person with Plaintiff's limitations retained the capacity to perform work such as (1) addresser with 101,000 such jobs in the national economy; (2) document preparer with 2,800,000 such jobs in the national economy; and (3) surveillance system monitor with 79,000 such jobs in the national economy. (Tr. 19). Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff was not under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 19, Finding 10).

On August 14, 2015, Plaintiff requested that the Appeals Council review the ALJ's unfavorable disability determination. (Tr. 6). On September 14, 2016, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On November 14, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 14, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

4

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In his appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 1-20. Specifically, Plaintiff claims the following: (A) the ALJ erred in properly assessing his impairments under the listings; (B) the ALJ erred by failing to consider a closed period of disability from November 30, 2012 through July 9, 2015; and (C) the ALJ in considering his non-exertional limitations. *Id.* The Court will address each of these arguments.

A.     **Listings**

Plaintiff claims his impairments meet the requirements of Listings 1.02B2(b) and 12.06. Plaintiff has the burden of demonstrating his impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met his burden of demonstrating his impairments meet the requirements of either of these Listings.

First, Plaintiff claims his impairments meet the requirements of Listing 1.02. Listing 1.02

requires a demonstration of a "gross anatomical deformity." Such a deformity includes "subluxation, contracture, bony or fibrous ankylosis, instability." In the present action, Plaintiff has not provided which "gross anatomical deformity" he has that meets one of these requirements. Instead, it appears Plaintiff is under the assumption that if he is unable to effective ambulate, he meets the requirements of Listing 1.02. This is simply not accurate. To meet the requirements of Listing 1.02, his impairments must meet *all* the requirements of this Listing, including suffering from such a "gross anatomical deformity."

Second, Listing 12.06 applies to "anxiety and obsessive-compulsive disorders." Again, with his argument, Plaintiff does not specify *how* his impairments meet the specific requirements of Listing 12.06. Without more, the Court simply cannot find Plaintiff has met his burden of demonstrating his impairments meet the requirements of this listing or Listing 1.02. Thus, the Court will not address these listings further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

**B.     Closed Period of Disability**

Plaintiff argues the ALJ should have evaluated whether he qualified for a closed period of disability from his alleged onset date through July 9, 2015. ECF No. 12 at 11-14. Specifically, Plaintiff claims a report from Dr. Carey Alkire, M.D. demonstrates he was disabled during this time-period. (Tr. 982-986). This report is dated July 9, 2015 and does find Plaintiff suffers from a number of limitations due his knee impairment. *Id.*

Upon review, however, this report also states Plaintiff *is able* to perform work at a "full time competitive job that requires that activity on a sustained basis" and *could perform* the standing, walking, and lifting requirements of sedentary work. Indeed, even though Plaintiff argues this report

clearly establishes he is disabled, it is not apparent this report in any way establishes any limitations greater than those found by the ALJ. Accordingly, the Court cannot find the ALJ erred in evaluating this issue.

### C.        Non-Exertional Limitations

Plaintiff claims he has far greater non-exertional limitations than those found by the ALJ. ECF No. 12 at 16-19. Notably, Plaintiff claims he is unable to "occasionally kneel, crouch, crawl, climb stairs, ramps, ladders and scaffolds." *Id.* Plaintiff claims these limitations are established by the record. *Id.*

Despite this claim, however, Plaintiff's treating physician Dr. Alkire (who Plaintiff relies upon above) *found* Plaintiff could "frequently" kneel and crawl and could "occasionally" climb stairs and ladders. (Tr. 984). Thus, the Court cannot find a basis for reversal on this issue.[2]

### 4.        Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of January 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Plaintiff also appears to claim he has other non-exertional limitations that are supported by the record. ECF No. 12 at 16-19. Apart from his bare claim on this matter, however, Plaintiff has offered no credible demonstration that he has any restrictions greater than those found by the ALJ.